UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| T. Terell Bryan, #254638, | ) | C/A No.: 5:12-cv-3439-TMC-KDW |
| a/k/a Terrence Terell Bryan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden L. Cartledge, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC") originally filed this action as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a March 22, 2011 disciplinary conviction. ECF No. 1. In an Order entered on January 7, 2013, ECF No. 7, Plaintiff was directed to answer the Court's Special Interrogatories related to the disciplinary conviction. Plaintiff's Answers to the interrogatories were entered on January 25, 2013. ECF No. 12. Plaintiff's interrogatory answers allege that as a result of the disciplinary conviction he lost canteen, phone, and visitation privileges; he was required to wear a pink jump suit; and he had to remain in disciplinary detention for 360 days. *See* ECF No. 12. Although Plaintiff filed this matter as a habeas case, his response to the court's interrogatories reveal that he did not lose any good-time credits, or the ability to earn good time credits. *Id.* As a result, Plaintiff's action is being construed as one brought pursuant to 42 U.S.C. § 1983. Order, ECF No. 25.

This matter is before the court on Defendant's Motion to Dismiss filed April 30, 2013. ECF No. 32. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on May 1,

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2013, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 33. Plaintiff responded to Defendant's Motion to Dismiss on May 16, 2013, and Defendant filed a Reply to Plaintiff's response on May 17, 2013. ECF Nos. 37, 45. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because Defendant's motion is dispositive, a Report and Recommendation is entered for the district judge's review.

Defendant argues that Plaintiff "has previously received three 'strikes' under the Prison Litigation Reform Act ["PLRA"], 28 U.S.C. § 1915, et. seq." and therefore Plaintiff's action should be dismissed. ECF No. 32-1. In support of his motion, Defendant cites to and attaches four Orders from various United States District Courts[2] and argues that these actions were dismissed as frivolous and therefore count as strikes under 28 U.S.C. § 1915. *Id.* In response to this argument, Plaintiff contends that his case is a habeas corpus action, not a civil action, and cites to case law holding that the "PLRA does not apply to *in forma pauperis* habeas petitions or appeals." ECF No. 37. Plaintiff contends that this court lacks jurisdiction over his case under the "finality rule" and requests that his action be "remand[ed] to ALC with instructions to issue an order on the merits of the case." *Id.*

The undersigned has reviewed the District Court Orders attached to Defendant's motion, together with the docket reports for each of those civil actions, and finds that Plaintiff is subject to the "three strikes" rule of the PLRA. The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

---

[2] *See* ECF Nos. 32-5, 32-7, 32-8, and 32-10.

>detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"The 'three-strikes' rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full." *Cox v. Fed. Att'y Gen.*, C/A No. 3:11-3403-TMC, 2012 WL 368689, at *1 (D.S.C. Jan. 11, 2012) *Adopted by* 2012 WL 379747 (D.S.C. Feb. 3, 2012).

Plaintiff is a frequent filer in the federal court system and previously has filed more than 26 civil actions in United States District Courts. The undersigned finds that the following civil actions filed by Plaintiff qualify as "strikes" because the civil actions were dismissed as frivolous, malicious, or failing to state a claim: (1) *Bryan v. Defense Tech. U.S.; U.S. Att'y of San Diego,* No. 10cv1771 W (BGS) (S.D. Ca. Nov. 2, 2010); (2) *Bryan et al. v. Security Equip. Corp., et al.*, No. 11CV-238-S (W.D. Ky. Feb. 3, 2012); (3) *Bryan v. Defense Tech. U.S., U.S. Att'y, Penny Morton, Tracey T. Sumner, et al.*, No. 3:10-cv-579-CRS (W.D. Ky. Apr. 27, 2012); and (4) *Bryan v. Russell Campbell, Diane S. Hoehing, Defense Tech. U.S., U.S. Att'y*, CV. 10-882-ST (D. Or. Nov. 3, 2010).

In light of Plaintiff's prior "strikes," he cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). This Complaint does not fit within this exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with his Complaint, Plaintiff must pay the full filing fee.

Accordingly, the undersigned recommends that Defendant's Motion to Dismiss, ECF No. 32, be granted and the court's previous Order allowing Plaintiff to proceed *in forma pauperis*, ECF No. 26, be rescinded.  It is further recommended that Plaintiff be given fifteen (15) days from the date the District Judge enters an Order ruling on this Report to pay the court filing fee of $350.[3]   If Plaintiff fails to timely pay the filing fee, it is further recommended that the Complaint be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED.

June 20, 2013                                                                           Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350, making the total payment required by non-*in forma pauperis* filers $ 400.  Because Plaintiff submitted this case before May 1, 2013, his filing fee responsibility is $ 350.