IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| T. Terell Bryan, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | C.A. No. 5:12-3439-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Warden L. Cartledge | ) | |
| | ) | |
| Defendant. | ) | |

On December 5, 2012, pro se Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  On January 7, 2013, Magistrate Judge Kaymani D. West construed Petitioner's action as one filed pursuant to 42 U.S.C. § 1983 and ordered that Petitioner bring the case in proper form. (ECF No. 7.) On March 3, 2013, Magistrate Judge West issued a subsequent order confirming that this is a civil action and noted that the case is now in proper form. (ECF No. 25.) On May 3, 2013, Petitioner filed an appeal of the Magistrate's orders from January 25, 2013 (ECF No. 7) and March 3, 2013 (ECF No. 25). (ECF No. 41.)[1] On July 9, 2013, Petitioner filed another appeal of the Magistrate's same orders from January 25, 2013 (ECF No. 7) and March 3, 2013 (ECF No. 25). (ECF No. 60).

Although the filings of pro se litigants are to be liberally construed, procedural rules, including filing deadlines, apply equally to pro se litigants and represented parties.  The Supreme Court has noted that it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v.*

---

[1]It appears that after receiving Petitioner's Notice of Appeal, on May 8, 2013, the Clerk's Office sent Petitioner a letter asking for clarification as to which orders Petitioner wanted to appeal. (ECF No. 60-1.) Petitioner responded on May 17, 2013.  (ECF No. 41.)  Giving the Petitioner the benefit of the mailbox rule, the court will consider Petitioner's appeal as having been filed on May 3, 2013, the date he signed it. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to court).

*United States*, 508 U.S. 106, 113 (1993). *See also Hewitt v. Hutchins*, 309 F. Supp. 2d 743, 748-49 (M.D.N.C. 2004) (holding pro se litigants are not entitled to general dispensation of court-imposed deadlines). The time in which to file objections to a magistrate judge's order is within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a).

Both orders were mailed to Petitioner on the same day of their issuance, January 7, 2013, and March 11, 2013. Since Petitioner did not object to the orders until May 3, 2013, and July 9, 2013, both appeals are clearly time barred. Accordingly, Petitioner's appeals (ECF Nos. 41 and 60) are **DISMISSED** as untimely.

Concerning Petitioner's Motion for Clarification, filed July 12, 2013 (ECF No. 62), in which Petitioner pleads for this court to force the South Carolina Department of Corrections ("SCDC") to enforce GA-01.03, this court does not have the authority to order SCDC, a nonparty to this action, to comply with its policies. Accordingly, Petitioner's Motion for Clarification (ECF No. 62) is **DENIED**.

Finally, the court notes that Petitioner alleges that he was not served with the Defendant's Reply to Response to Motion re Motion to Dismiss Response (ECF No. 45). While it appears the Defendant properly served Petitioner with this filing (ECF No. 45-1), out of an abundance of caution, the Clerk is directed to mail Petitioner a copy of Defendant's Reply. (ECF No. 45).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 16, 2013

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.