IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| T. Terell Bryan, #254638, | ) | |
| a/k/a Terrence Terell Bryan, | ) | |
| | ) | C/A No. 5:12-3439-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden L. Cartledge, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, T. Terell Bryan ("Plaintiff"), a state prisoner proceeding *pro se*, filed this case as a habeas action challenging a disciplinary conviction. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915 (ECF No. 13), which the court granted. (ECF No. 26). In its order authorizing service, the court construed the action as a civil action pursuant to 42 U.S.C. 1983. (ECF No. 25). Subsequently, Defendant filed a motion to dismiss on the ground that Plaintiff has previously filed other actions that have been dismissed as frivolous: C/A No. 3:10-CV-01771-W-BGS (filed in California), C/A No.. 3:10-CV-00882-ST(filed in Oregon), C/A No. 3:11-CV-00238-CRS (filed in Kentucky), and C/A No. 3:10-CV-00579-CRS (also filed in Kentucky). (ECF No. 32). Plaintiff filed a response opposing the motion (ECF No. 37) and Defendant filed a reply (ECF No. 45).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On June 20, 2013, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report") recommending that the Defendant's Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed without prejudice, if he fails to timely pay the full filing fee because Plaintiff is subject to the "three strikes" rule of

the Prison Litigation Reform Act. (ECF No. 49). The magistrate judge provided Plaintiff a notice advising him of his right to file objections to the Report. (ECF No. 49-1).[1] Plaintiff filed objections to the Report on July 26, 2013 (ECF No. 67) and Defendant filed a reply to Plaintiff's objections (ECF No. 71). Plaintiff also filed a motion to amend his petition (ECF No. 68). Defendants filed responses to this motions as well. (ECF No. 72).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff originally filed this action as a habeas petition challenging a disciplinary conviction. (ECF No. 1). The magistrate judge directed Plaintiff to respond to special interrogatories related to the disciplinary conviction. (ECF No. 7). Based on Plaintiff's answers to the special interrogatories, the magistrate judge authorized service, but noted that Plaintiff had not lost any good time credits, and construed this action as one under § 1983. (ECF No. 25). Defendant thereafter filed a motion to dismiss alleging Plaintiff is subject to the three strikes Rule of the PLRA because Plaintiff has previously received "three strikes" for civil actions which have been dismissed as frivolous, malicious, or for failure to state a claim and that the current complaint did not allege imminent danger or of serious physical injury. (Report at 3).

---

[1] The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Accordingly, the magistrate judge recommended that Defendant's Motion to Dismiss (ECF No. 32) be granted, the court's prior order granting *in forma pauperis* (ECF No. 26) be rescinded, and Plaintiff be required to pay the filing fee. (Report at 4).

As noted above, Plaintiff filed objections to the Report which the court has carefully reviewed. However, the Plaintiff's objections provide no basis for this court to deviate from the magistrate judge's recommended disposition. In his objections, Plaintiff contends that the magistrate judge erred in construing this action as one under § 1983. Specifically, he contends that the magistrate judge erred in relying on Plaintiff's answers to the court's interrogatories because he states he did not complete the interrogatories. (Objections at 1). However, the docket reflects Plaintiff did complete the court's interrogatories and he did not reveal in his answers to the court's interrogatories that he lost any good time credits. (ECF No. 12). [2]

Plaintiff also has filed a motion to amend his complaint and add allegations that his "due process is being violated by the loss of credits &/or credit earning status . . ." (ECF No. 68-1). However, reviewing the Disciplinary Report and Hearing Record, Plaintiff did not actually lose previously earned sentence credits, but merely lost the ability to accrue sentence credits. (ECF No. 68-2). Plaintiff's inability to earn credits does not implicate a liberty interest that arises directly under the Constitution. *See Meachum v. Fano*, 427 U.S. 215, 225–26 (1976); *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). Although prisoners are afforded due process protections when loss of actual, earned good time credits are at issue, the Supreme Court has afforded no such rights when merely the opportunity to earn such credit is at issue. *Wolff* , 418 U.S. 539. Plaintiff claims only that his ability to earn credits has been lost. Plaintiff does not allege that he has actually been deprived of any accrued, thus he fails to state a claim of constitutional

---

[2]In response to a question asking what disciplinary sentence he received, Plaintiff answered: "540 days canteen, 540 phone, 360 D.D. , 720 visit & 360 pink jump suit." (ECF No. 12 at 1). And this is supported by the Disciplinary Report and Hearing Record which shows Plaintiff was sanctioned with the loss of canteen privileges for 540 days, phone privileges for 540 days, disciplinary detention for 360 days, and visitation privileges for 720 days, and pink jump suit for 360 days. (ECF No. 68-2).

magnitude. *See id. See also Brown v. Bledsoe*, 405 Fed.App'x 575, 576 n. 1 (3rd Cir. 2011) (unpublished)(holding a challenge to the denial of the opportunity to earn good time credits, rather than as a challenge to the loss of good time credits actually awarded, is not cognizable in a § 2241 petition). Accordingly, Plaintiff's motion to amend his complaint is denied as futile. *See* Fed.R.Civ.P. 15; *Foman v. Davis*, 371 U.S. 178 (1962) (stating that leave to amend a pleading should be denied when the amendment would be futile).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 49) and incorporates it herein. Therefore, Defendant's Motion to Dismiss (ECF No. 32) is **GRANTED**; and Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 13) is **RESCINDED**, and Plaintiff shall have fifteen (15) days from the date of this order to pay the $350 filing fee.[3] It is further **ORDERED** that, in the event the Plaintiff fails to timely pay the filing fee, the Complaint shall be **DISMISSED** without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g), and the Clerk shall enter final judgment. Additionally, Plaintiff's Motion to Amend (ECF No. 68) is **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 12, 2013


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] Effective May 1, 2013, an administrative fee of $50.00 is added to the filing fee of $350.00, making the total payment rquired by non-*in forma pauperis* filers $400.00. Because Plaintiff submitted this case before May 1, 2013, his filing fee responsibility is $350.00.